■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD PAUL JOOK, Appellant.—Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal. (See *People* v. *Sullivan,* 3 N Y 2d 196.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KARL MULL, Appellant.—Motion to appeal as a poor person and for other relief denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PETER QUINTERO, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.—Motion to appeal as a poor person denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VIRGIL EARL REYNOLDS, Appellant.—Motion to appeal as a poor person, and for other relief, denied on the ground that the papers fail to show merit to the appeal.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM R. ROBINSON, Appellant.—Motion to appeal as a poor person and for other relief, denied on the ground that the papers fail to show merit to the appeal.

■ NANCY RACITE, an Infant, by MYRTLE OHMANN, Her Guardian ad Litem, Plaintiff, v. WILLIAM H. KEARNEY INC., Defendant.—Appeals dismissed, without costs, on stipulation.

Orders of dismissal for failure to prosecute entered pursuant to rule X of the Appellate Division, Fourth Department, Calendar Rules. MAXINE HERB, Respondent-Appellant, v. JOSEPH HERB, Appellant-Respondent. MARGARET STASCO, Appellant, v. IDA EDDY, Respondent.

## FIRST DEPARTMENT, FEBRUARY, 1959

### (February 3, 1959)

■ MURRAY SORIN et al., Suing on Behalf of Themselves and All Other Stockholders of Warren Foundry & Pipe Corporation Similarly Situated, and on Behalf of Said Warren Foundry & Pipe Corporation, Respondent, v. SALOMON E. SHAHMOON et al., Appellants, et al., Defendants.— Order unanimously affirmed, without costs. The stipulation for the settlement of this stockholders' derivative action provided that if its terms were "not approved by the Supreme Court" it should be cancelled. After some hearings had been held before a Referee on the reasonableness of the settlement, plaintiffs moved to restore the case to the calendar upon the basis of an informal request made earlier before the Justice presiding at Special Term to withdraw from the settlement. The court granted the formal motion and restored the case to the calendar. This, in the light of the procedure followed, amounted to a refusal by the court to approve the settlement. As we examine the record, the request by plaintiffs to withdraw from the proposed settlement and the restoration of the action to the calendar are warranted. If there be any actual basis for the allegations of wrongdoing on which the action is based, the settlement proposed seems so entirely inadequate as to justify plaintiffs' decision to withdraw from the settlement and the court's approval of that decision. Concur — Botein, P. J., M. M. Frank, Valente, McNally and Bergan, JJ.